WASHINGTON LOAN & TRUST CO., EXECUTOR, ESTATE OF LOUISE R. HENSEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14787. Promulgated September 26, 1928.

B. H. *Warner, Jr., Esq.*, for the petitioner.
J. E. *Greaney, Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency in income tax for 1924 in the amount of $20, which deficiency arose as a result

of the disallowance of a credit for earned income. The question is whether, where a fiduciary is required to file a return for the estate of a decedent, the income of such estate not in excess of $5,000 shall be considered as earned income and thus entitle the petitioner to the benefit of section 209, Revenue Act of 1924, which provides as follows:

SEC. 209, (a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(2) The term "earned income deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000.

(b) In the case of an individual the tax shall, in addition to the credits provided in section 222, be credited with 25 per centum of the amount of tax which would be payable if his earned net income constituted his entire net income; but in no case shall the credit allowed under this subdivision exceed 25 per centum of his tax under section 210.

(c) In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in section 218.

A reading of section 209, which is an entirely new statutory provision in the 1924 Act, together with the hearings and committee reports in connection therewith, shows an intent on the part of Congress to allow this special credit on account of income which comes to an individual as compensation for labor done rather than on account of gain derived from capital. It is likewise equally apparent from the Congressional history of this provision that difficulty was experienced by Congress in framing a definition of "earned income" which would benefit the entire class which Congress desired should be benefited and at the same time be capable of administration. In particular, it was pointed out to Congress that almost any definition of "earned income" would exclude from its benefits the farmer

and small business man who derive their income not from labor or capital alone, but from a combination of the two in such a manner that a segregation would often be impossible. Finally, as stated in the Report of the Ways and Means Committee (Report No. 179, 68th Congress), " the committee adopted a definition which will give relief to practically all of the earned income and which at the same time will be simple of administration." This report further stated:

The provision in the definition that at least $5,000 of the taxpayer's income shall in all cases be considered earned income, although seemingly arbitrary, is substantially in accord with the facts and amply provides for the small taxpayer, such as the farmer and the merchant, whose income is derived in part from personal services and in part from capital. This definition of earned income approaches exact justice as nearly as it is possible to do without making the law unworkable and impossible of administration.

Obviously, under this section, the earned income credit may be allowed, within the $5,000 limit, on account of income which is not earned, as therein defined, but the reasons for extending these provisions to the class therein mentioned are likewise obvious and apparent. The earned-income credit was to be allowed primarily on account of income received as compensation for labor done by an *individual*, but for reasons deemed sufficient to Congress, income not in excess of $5,000 received by an individual was to be considered as earned regardless of its source.

The question, then, is whether this provision, which amounts to a conclusive presumption as to income not in excess of $5,000, applies also to the return filed by a fiduciary for the estate of a decedent. To secure the benefit of this section for the estate for which it filed a return as fiduciary, the petitioner relies upon section 225 (b), Revenue Act of 1924, which reads as follows:

225. (b) Under such regulations as the Commissioner with the approval of the Secretary may prescribe a return made by one of two or more joint fiduciaries and filed in the office of the collector of the district where such fiduciary resides shall be sufficient compliance with the above requirement. Such fiduciary shall make oath (1) that he has sufficient knowledge of the affairs of the individual, estate or trust for which the return is made, to enable him to make the return, and (2) that the return is, to the best of his knowledge and belief, true and correct. *Any fiduciary required to make a return under this Act shall be subject to all the provisions of this Act which apply to individuals.* (Italic ours.)

In effect, what the petitioner says is that since by section 209 an individual is entitled to the earned-income credit on account of income not in excess of $5,000, regardless of the source from which it arises, and since section 225 (b) provides that "Any fiduciary required to make a return under this Act shall be subject to all the provisions of this Act which apply to individuals," the estate of an

individual is entitled to the earned-income credit on income not in excess of $5,000.

After a careful consideration of the entire Act, the Board is of the opinion that the petitioner's position is not well taken. We can not agree that, because section 225 (b) states that a fiduciary shall be "subject to" all the provisions which are applicable to individuals, this means that every return filed by a fiduciary shall be on the same basis as that of an individual. In other words, we do not interpret the phrase "subject to," as used in the section in question, as meaning that the gross income, deductions and credits of an estate are the same as those of an individual. That section 225 (b) was not intended as a blanket provision which would place estates on the same basis as individuals is apparent from the fact that Congress found it necessary to enact section 219, which states specifically what constitutes the income of estates and trusts, what deductions are allowable, and the credits to which they are entitled. Of course in many instances the provisions applicable to estates and trusts are the same as those applicable to individuals, but wherever this is true specific mention is made thereof, thus carrying the strong implication that such statement was necessary since we can not impute to Congress the enactment of provisions which are otherwise provided for. To carry the petitioner's contention to its logical conclusion, much of section 219 would not only be unnecessary but also in direct conflict with many of the provisions with respect to individuals.

Further, we regard it as significant that section 208 immediately preceding section 209 states specifically that it is applicable to any taxpayer (other than a corporation) and makes specific reference to estates and trusts. Section 208 is in a measure, like section 209, a relief provision in that it provides for lower taxes under certain conditions. It would therefore seem reasonable to assume that since Congress found it necessary, in section 208, to use language which would certainly bring estates within its provisions, it would have pursued a similar course in section 209, instead of mentioning only individuals, had it intended that a class of taxpayers other than individuals should have the benefit of this section. Further, we find in section 206, which deals with "net losses" that Congress provided at the end of such section that "The benefit of this section shall be allowed * * * to an estate or trust." Under the petitioner's theory no such provision would have been necessary as the estate or trust would, by section 225, receive the benefit because it was subject to the same provision as an individual. Other instances could be given, but these are considered sufficient to negative the proposition that section 225 was in any sense a blanket provision which would place estates on the same basis as an individual

and thus give to estates all the benefits and privileges which are specifically given to individuals.

Further, we can not agree that the phrase "subject to" is to be interpreted in the sense that it confers a benefit upon a taxpayer or creates a substantive right for him; in other words, we do not understand this phrase to be equivalent to the phrase "entitled to," which would be the meaning necessary to sustain the petitioner's contention. When we consider the connection in which the sentence on which the petitioner relies is used together with the legal significance usually attaching to the phrase "subject to," the reasonable and logical conclusion would seem to be that as a result thereof a fiduciary becomes responsible for the duties and burdens and the discharge of the liabilities which accrue to an individual in the filing of a return, but that no rights or benefits are thereby created.

In view of the foregoing the Board is of the opinion that a fiduciary filing a return for the estate of an individual is not entitled to the earned-income credit provided by section 209, Revenue Act of 1924, with respect to income not in excess of $5,000.

Reviewed by the Board.

*Judgment will be entered for the respondent.*